**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Daniel S. CAMPOS, Defendant–
Appellant.**

No. 08–30169.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 2009.

Filed Feb. 12, 2009.

Thomas J. Hanlon, Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Rebecca L. Pennell, Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

[redacted]

Before: B. FLETCHER, RYMER and FISHER, Circuit Judges.

MEMORANDUM *

Daniel Campos appeals his conviction for possession of a controlled substance with intent to distribute. Because we find sufficient evidence of both possession and intent to distribute, we affirm.

"We review de novo the district court's denial of a motion for judgment of acquittal based on insufficient evidence. Our review of the underlying jury verdict, however, is highly deferential." *United States v. Dearing,* 504 F.3d 897, 900 (9th Cir. 2007) (internal quotation marks and citation omitted). The evidence is sufficient to support a conviction if any rational jury could have found Campos guilty beyond a reasonable doubt. *Id.*

The evidence was sufficient to support the jury's conviction for possession of a controlled substance with intent to distribute. When the police went to Campos' home to arrest him for failure to report to his parole officer, they found Campos hiding in a closet with $760 dollars in cash in his pocket. While searching the bedroom which Campos had previously told his supervising officer was his, police found drugs, plastic baggies, a digital scale, and a video surveillance system in plain view. They also found more drugs inside the dresser.

Campos's control of the bedroom where the drugs were found was at issue. A jacket belonging to Thomas Hernandez was found in the bedroom. Defense witnesses testified that a number of people were staying in the house while Campos' parents were on vacation, whereas Campos had been living at his brother's house for several months. However, Campos' witnesses were contradicted by his own declarations stating that he continually lived in this house from 2002 until his arrest in February 2007. Each time Campos filled out the mandatory monthly offender report with the Department of Corrections, he listed his parents' home as his residence. This includes the months during which he now claims he was residing at his brother's house. Moreover, each time that Campos' supervising officer visited him at home, both before and after his arrest, Campos indicated that he lived in this particular bedroom. He even told his supervising officer when he came for a home visit to knock on the separate entrance to this bedroom if nobody answered the front door. Campos' presence in the house with the drugs and drug paraphernalia, along with the substantial evidence indicating his continual possession of this bedroom, is sufficient to sustain a conviction.

In conclusion, the evidence was sufficient for the jury to have found Campos guilty beyond a reasonable doubt. Although the defense presented testimony to bolster an innocent version of events, it is the province of the jury to make credibility determinations based on witness testimony. *See United States v. Sullivan,* 522 F.3d 967, 979 (9th Cir.2008).

Accordingly, we AFFIRM the district court's denial of the motion for acquittal.

[redacted]

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.